**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSE LUIS RODRIGUEZ HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1800-J |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Petitioner Jose Luis Rodriguez Herrera, a citizen of Venezuela, has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention with Immigration and Customs Enforcement. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Erwin issued a Report and Recommendation recommending that the Court: (1) grant the Petition in part and (2) order Respondents to provide Petitioner with a bond hearing within ten business days or otherwise release him. (Rep. & Rec.) [Doc. No. 10]. Respondents objected [Doc. No. 11], triggering de novo review. *See Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023). Petitioner did not object.

In sum, Judge Erwin concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a); therefore, his continued detention without a bond hearing violates the Immigration and Nationality Act (INA). Rep. & Rec. at 3–4. In their objection, Respondents continue to assert their belief that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A); however, they concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) controls. *See* [Doc. No. 11]. In that case, the circuit court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are

usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility,* No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026). Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the INA.[1]

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED on de novo review and Petitioner's Petition is GRANTED IN PART in so far as it alleges Respondents violated the INA. The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days of the date of this Order, or release Petitioner if no hearing occurs within that period.[2] Respondents shall certify compliance within seven business days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 23rd day of September, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court grants Petitioner relief on this issue, it declines to address his remaining claims. *See* Rep. & Rec. at 4 n.5.

[2] Although Judge Erwin recommends a bond hearing within ten business days, the Court MODIFIES the Report and Recommendation and ORDERS a bond hearing within seven business days.